JUAN, FRANCISCO y ROSARIO BIANCHI Y ROSAFA, demandantes, apelados y apelantes, *v.* ESTELA BIANCHI ROSAFA, demandada, apelante y apelada.

No. 6173.—*Sometido:* Junio 22, 1933. *Resuelto:* Noviembre 24, 1933.

*José Sabater,* abogado de la demandada apelante; *Miguel A. García Méndez,* abogado de los demandantes apelados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Juan, Francisco y Rosario Bianchi Rosafa, dueños de ciertas fincas rústicas radicadas en las jurisdicciones de Añasco y Mayagüez, demandaron, utilizando el procedimiento de desahucio, ante las Cortes Municipales de Mayagüez y Añasco, a la Señora Estela Bianchi, subarrendataria de dichas fincas. Al mismo tiempo que radicaron estas acciones, los demandantes acudieron a la Corte de Distrito de Mayagüez solicitando la expedición de un auto de *injunction* contra la referida Estela Bianchi. Alegaron los demandantes, como base para justificar su solicitud de *injunction,* que el contrato de arrendamiento de las fincas mencionadas venció en 15 de agosto de 1930 y que dichas fincas fueron arrendadas por los demandantes a la sociedad Russell & Cía., con el compromiso de entregarlas a esta sociedad al vencimiento del arrendamiento contraído con la demandada y que a pesar de estar el contrato vencido, la subarrendataria Estela Bianchi continuó en la posesión de las fincas contra la voluntad de los demandantes. Se pidió un auto de *injunction* dirigido a la demandada para que se abstuviera de impedir que los demandantes tomaran posesión inmediata de las fincas y para que la demandada permitiera la entrada de la nueva arrendataria en dichos terrenos mientras se sustanciaban las acciones de desahucio entabladas por los demandantes contra la demandada en las Cortes Municipales de Mayagüez y Añasco. La Corte de Distrito de Mayagüez expidió el auto solicitado, ordenando a la demandada Estela Bianchi que se abstuviese de impedir que los demandantes tomasen posesión de las fincas objeto del procedimiento de desahucio y de perturbar

a dichos demandantes o a la arrendataria en la posesión y disfrute de las mismas, todo ello mientras no se resolviesen en definitiva los pleitos de desahucio radicados por los demandantes contra la demandada en las Cortes Municipales de Mayagüez y Añasco, mediante sentencia firme, o hasta que otra cosa no fuese ordenada por dicha corte. En esta orden de la corte no hay pronunciamiento alguno sobre costas.

La demandada apeló de la resolución dictada por la Corte de Distrito de Mayagüez, que fué confirmada por este tribunal en 5 de febrero de 1931 (41 D.P.R. 799). Los pleitos de desahucio fueron definitivamente resueltos en apelación por la Corte de Distrito de Mayagüez en 16 de julio de 1931. En ambos se decretó el desahucio de la demandada Estela Bianchi y en uno de ellos se impusieron costas y honorarios de abogado a la parte perdidosa. En la apelación procedente de la Corte Municipal de Añasco se dictó sentencia relevando a la demandada del pago de las costas. Los demandantes solicitaron la reconsideración de esta sentencia en cuanto a las costas, y, a los tres meses de radicada la moción de reconsideración, desistieron de la misma y solicitaron que la corte de distrito dictara una orden dando por terminado el caso de *injunction*, decretando su archivo e imponiendo las costas y honorarios de abogado a la demandada.

Resolviendo la moción de los demandantes, la corte de distrito dictó la siguiente resolución:

"Vista la moción radicada por los demandantes en el presente caso y vista la moción radicada con esta misma fecha en el caso civil número 15312 por virtud de la cual desisten de la moción de reconsideración de sentencia radicada en el referido caso; y considerando que en su consecuencia quedan en definitiva resueltos los pleitos de desahucio radicados por los demandantes mediante sentencias firmes en los casos civiles 15,416 y 15,312, y que de acuerdo con los términos de la resolución sobre *injunction* dictada en el presente caso con fecha 8 de octubre de 1930, posteriormente confirmada por el Tribunal Supremo de Puerto Rico, cesan los efectos de ésta, debiendo en su consecuencia darse por terminado el presente caso, se dicta por tanto orden decretando el sobreseimiento y definitivo archivo de este

caso, con imposición de las costas y honorarios de abogado de los demandantes a cargo de la demandada.''

Apeló Estela Bianchi de este pronunciamiento condenándola al pago de costas y honorarios de abogado. Apelaron también los demandantes de una resolución de la corte eliminando un memorándum de costas que presentaran, por haber sido prematuramente radicado; pero, como admiten en su alegato, han desistido prácticamente de esta apelación, toda vez que no han realizado gestión alguna para perfeccionarla. Ante nosotros sólo pende una apelación y es la promovida por la parte demandada. Se alega que la corte erró al considerar que la sentencia dictada en uno de los casos de desahucio quedó firme cuando los demandantes desistieron de la moción de reconsideración que presentaran en cuanto al pronunciamiento sobre costas, y se añade que la corte inferior incurrió también en el error de no declarar que después de resueltos los casos de desahucio, este procedimiento de *injunction* quedó sin efecto y se convirtió en un mero caso académico sin propósito legal de ninguna clase.

A juicio de la demandada, la corte inferior aceptó la argumentación de la representación de los demandantes y resolvió equivocadamente que la moción de reconsideración de la sentencia, que relevó de pago de costas a la demandada en el pleito de desahucio, suspendió los efectos de dicha sentencia, que vino luego a ser firme, cuando los demandantes desistieron de la reconsideración. Arguye la demandada que la sentencia en el pleito de desahucio quedó firme desde que fué dictada en 16 de julio de 1931, y no en 28 de octubre del mismo año, que fué cuando se desistió de la moción de reconsideración. La verdad es que estos pleitos habían sido definitivamente resueltos cuando la corte, a petición de los demandantes, y sin oír a la demandada, condenó a esta última a pagar las costas y honorarios de abogado en el procedimiento de *injunction,* radicado originalmente ante dicho tri-

bunal. No hay duda, de que la sentencia de desahucio fué firme desde el mismo momento en que se dictara y de que la moción de reconsideración en cuanto a las costas no tuvo nunca el efecto de suspender los efectos legales de dicha sentencia. Una sentencia en un procedimiento de desahucio dictada por una corte de distrito en apelación de una corte municipal, es inapelable por disposición expresa de la ley, y adquiere el carácter de firme desde el instante en que se dicta por la corte de distrito.

Es evidente que la orden de *injunction* no pudo continuar surtiendo efecto legal alguno, una vez que los demandantes estuvieron en condiciones de ejecutar las sentencias dictadas en los pleitos de desahucio. La orden se expidió en la corte de distrito para que la demandada en la corte municipal se abstuviese de impedir ciertos actos a los demandantes. No se trata de un *injunction pendente lite,* decretado dentro de un mismo pleito, para surtir sus efectos en tanto en cuanto se resuelve el caso en sus méritos, sino de un auto expedido por la corte de distrito para surtir sus efectos mientras no se resolviesen dos pleitos de desahucio pendientes en dos cortes municipales. Los demandantes obtuvieron en la corte de distrito todo lo que solicitaron. No pidieron ni pudieron obtener más. La vida del auto de *injunction* no pudo prolongarse más allá de la vida de los pleitos de desahucio. Con la desaparición de estos pleitos, que sirvieron de base para que se dictara la *orden pendente lite* por la corte de distrito, tenía necesariamente que desaparecer dicha orden. Una vez firmes y ejecutorias las sentencias dictadas en los casos de desahucio, los demandantes podían adquirir definitivamente la posesión de las dos fincas, lanzando a la demandada de las mismas, y esta posesión, así adquirida, los colocaba en el pleno y libre ejercicio de todos sus derechos, incluyendo aquéllos protegidos por el auto de *injunction.*

Sentadas estas conclusiones, tenemos que convenir en que

cuando la corte de distrito ordenó el archivo y sobreseimiento del procedimiento de *injunction,* condenando en costas a la demandada, ya el auto expedido, que al ser firmes las sentencias de desahucio había quedado *ipso facto* extinguido, no servía ningún propósito ni surtía ningún efecto legal.

Se alega que la corte erró al decretar el archivo del caso y condenar en costas a la demandada, sin haberle dado la oportunidad de ser oída. Fuerza es reconocer que no carecen de fundamento los argumentos que se utilizan en apoyo de esta contención. Si la corte giró dentro del círculo de sus atribuciones, al imponer costas y honorarios de abogado a la demandada, un año después de fallada definitivamente la única cuestión controvertida en el procedimiento de *injunction,* no ha debido dictar su fallo, sin antes haber oído a la parte interesada. Creemos, sin embargo, que la corte inferior fué demasiado lejos, al resolver favorablemente la moción de los demandantes. Nos parece que al resolver esta cuestión debemos tener en cuenta los fines perseguidos por los demandantes al solicitar el auto de *injunction,* el alcance de la resolución ordenando su expedición y el punto realmente controvertido en el procedimiento seguido ante la corte de distrito. Los demandantes sólo perseguían un propósito: tomar posesión de las fincas mientras se resolviesen los pleitos de desahucio. Conseguido este propósito al dictarse la orden expidiendo el auto, cesó el interés de los demandantes en la corte de distrito. La resolución en realidad fué para ellos definitiva. Nada se dijo entonces sobre costas. No aparece que se hubiese omitido inadvertidamente pronunciamiento alguno sobre las mismas que hubiese justificado la reconsideración de la orden dictada dentro de un período razonable. A nuestro juicio estas costas, si procedía decretarlas, debieron concederse en el momento de dictarse la orden en 1930 y no al ordenarse el archivo del pleito en 1932.

En el caso de *Luce & Co.* v. *Cintrón, ante* pág. 1, esta corte dijo:

"Una sentencia, tal cual la define el artículo 188 del Código de Enjuiciamiento Civil, es 'la decisión definitiva sobre los derechos de las partes en un pleito o *procedimiento.*' Una orden negando la expedición de un *injunction pendente lite,* es por supuesto, una providencia interlocutoria en la acción principal. No es una orden interlocutoria en el procedimiento de *injunction* preliminar. En lo que a ese procedimiento se refiere, por su naturaleza y esencia es una sentencia. Es 'la decisión definitiva sobre los derechos de las partes' en ese procedimiento. Así lo reconoce en efecto el artículo 295 del Código de Enjuiciamiento Civil y lo coloca, para los fines de una apelación, en la misma categoría que 'una sentencia definitiva pronunciada en un pleito o procedimiento especial.' "

En el presente caso la resolución ordenando la expedición del auto de *injunction pendente lite* es por su naturaleza una sentencia definitiva. Lo fué indiscutiblemente para los demandantes en la corte de distrito, donde cesó su interés, ya que la orden había de surtir sus efectos mientras no se resolviesen definitivamente los pleitos de desahucio pendientes en las cortes municipales. La demandada, que no fué entonces condenada en costas, estuvo justificada en asumir que había sido relevada del pago de las mismas. No aparece la corte reconsiderando la resolución originalmente dictada; no obra en autos ningún documento solicitando oportunamente esta reconsideración, porque se hubiese omitido inadvertidamente cualquier pronunciamiento al dictarse el fallo. Los demandantes aparecen pidiendo a la corte que dé por terminado un caso, que prácticamente estaba ya terminado, y que se ordene su archivo y se impongan costas y honorarios de abogado a la demandada. La corte así lo resolvió, sin oír a esta última parte, un año cuatro meses después de haber dictado la resolución original concediendo el auto de *injunction.*

*Debe revocarse la resolución apelada.*